HAIL KIBBY DRY GOODS COMPANY, a Corporation, Appellant, v. H. T. WILLIAMS, Respondent.

Kansas City Court of Appeals, May 3, 1915.

1. **BILLS AND NOTES: Plea of Payment by Services Rendered: Authority to Accept Payment: Evidence.** Where a defendant, upon being sued by a corporation upon a promissory note, admits the execution of the note but defends on the ground that he had an arrangement with plaintiff's agent to render legal services for plaintiff and have their value credited on said note until it was paid, it is error to admit evidence of services rendered the agent individually without further showing that the agent had authority to make such arrangement. Such authority cannot be inferred from the fact that the agent had general charge of plaintiff's business.

2. ———: ———: **Burden of Proof: Value of Services.** The burden of proof is upon the defendant, who admits the execution of the note sued on and pleads payment, to prove that services were rendered plaintiff under an agreement that they were to be paid for by crediting their value on said note. And the evidence must show that the value of the services rendered plaintiff were sufficient to pay the note or that there was an authorized agreement that the services rendered plaintiff were in full payment thereof.

3. **PRACTICE, TRIAL: Attorney in Role of Lawyer and Witness.** It is bad practice, and results in many unforeseen difficulties, for a lawyer to attempt the unhappy experiment of trying the case and being also the main witness therein.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

REVERSED AND REMANDED.

*G. W. Barnett* for appellant.

*A. L. Shortidge, C. C. Kelly* for respondent.

TRIMBLE, J.—This suit is on a promissory note executed by the defendant to the J. D. Hail Dry Goods Company, a corporation, the name of which was afterwards changed to the Hail Kibby Dry Goods Company. The case originated in a justice court and was appealed from thence to the circuit court where, upon a trial *de novo,* judgment was rendered for defendant and plaintiff appealed.

The execution of the note was admitted, but the defense is that the note had been paid by legal services rendered plaintiff by defendant (who is an attorney-at-law), under an agreement made with Mr. E. C. White (who, it was claimed, owned all the stock of the plaintiff corporation itself, or at least was its sole presiding genius and managing agent), that said services should be paid for by crediting them upon the note until it was fully discharged. Plaintiff denied all this. Consequently the questions of fact to be determined were: Was there an agreement between White and defendant that said note should be paid by the latter in legal services rendered plaintiff? Did White have authority to make such an agreement in behalf of the corporation? Did the defendant render plaintiff legal services of a value sufficient to pay off and discharge said note? These issues were plain and simple, but owing to the vast amount of extraneous, irrelevant, immaterial, and prejudicial matters injected into the trial, the questions to be decided could hardly fail to become hopelessly confused and lost sight of by the jury.

White is also an attorney and tried the unhappy experiment of attempting to try the case for the plaintiff and be a witness in the case, too. This is always bad practice and should never be done. It

is mentioned here only because we believe much of the irregularity in the trial of the case had its genesis in this attempt to play the double role of lawyer and witness. The record is peculiar and the range of subjects covered by the testimony brought into the case, in defense of the claim of payment, is remarkable. It is true large portions of the most objectionable parts of the evidence were excluded or stricken out by the court, but, in spite of this, it may be fairly said that enough got past and into the record to prejudice the jury and divert their minds from the real issues. However, much of this went in without objection, as did also evidence of certain declarations said to have been made by White that he owned all the stock of the corporation. So that we would be unwilling to reverse and remand the case because of such matters. Indeed, in simple justice to the trial court, it should be said that he tried to keep out extraneous and improper matters and for a time succeeded, but the relevant and material evidence was so hopelessly confused and intermingled with evidence that was not admissible, that he is not to be blamed for having, in a measure, allowed the tares to come in along with the wheat.

White's declarations concerning his ownership of all the stock were not original evidence of such ownership and binding on the plaintiff, and the admission thereof to prove such ownership would have been error had it been objected to. However, as no objection was made, there was no error in admitting it. But defendant's instruction submitting his defense of payment did not rest upon the fact that White owned all the stock and was in reality the corporation itself. It submitted the defense upon the other ground also, namely, that White was the general managing agent of the corporation and as such had general authority, or apparent general authority, to agree with defendant that the plaintiff's note should be paid in

legal services rendered in its behalf. Now, defendant's evidence concerning the rendition of services was not only exeedingly vague and indefinite but by far the larger portion of the services were clearly rendered, not to the plaintiff corporation or in its behalf, but were rendered to White individually and in matters with which he alone was concerned. And they were matters which defendant necessarily knew were not corporation affairs. For instance, they were. in cases that White had as a lawyer, matters concerning the conduct of his individual business, and matters arising long before White had obtained any interest in or connection with the plaintiff corporation. Plaintiff's attorney did object to the introduction of this evidence as to the services rendered in these individual matters and clearly stated the ground of his objection that an agent had no implied, or apparent, or real authority to bind his principal by agreeing that a note of his principal could be paid in services rendered to the agent individually. He objected more than once and saved his exceptions when his objection was overruled. It is true the court in a number of places sustained his objections, but in other places the evidence was admitted, the court saying it was admitted on the theory that it was merely preliminary. But, although the court may have thought it was merely preliminary, the defendant's evidence clearly shows he was offering it, and used it, to show that he had paid the note. As said before, the services rendered were vague and indefinite. No value was placed thereon nor was there any separation of the services rendered White individually from those rendered in behalf of the plaintiff. The most that defendant testified to in fixing any value to the services claimed to have been rendered by him was that "If I had payed for one-half of the services I rendered to this Hail & Kibby Dry Goods Company *and White*, the note is paid two or three times over." This shows that defend-

ant was including both the services rendered to White and to the plaintiff in his alleged payment of the note. The services to White individually were so much in excess of any rendered in the company's affairs and those claimed to have been rendered in behalf of the company were so uncertain, vague, and indefinite, that it cannot be said there was evidence tending to show the note was paid. There was no evidence to show authority in White, as an agent, to allow plaintiff's note to be paid with services rendered to him personally, nor was there any evidence to show that, as agent, he had implied authority to do that. The burden was on defendant to prove payment of the note. And the admission of the testimony concerning services rendered to White himself could not fail to lead the jury to believe that they could be considered and applied in payment of the note. Hence the admission of such testimony was reversible error, and the lack of evidence to show the services rendered to the plaintiff, as distinguished from those rendered to plaintiff's agent, were of such value as to equal and therefore discharge the note, was the omission of an important link in the defense of payment.

But although the evidence as to the services rendered the plaintiff is not clear and definite, yet we do not think there was such a total failure of proof in that regard as to justify us in adopting plaintiff's view that the case should be reversed with directions to enter judgment on the note instead of being remanded for a new trial. There is some evidence that defendant advised White in regard to collecting the insurance on the stock of goods belonging to the corporation, which was burned, also that he advised him concerning the payment of rent by the plaintiff to its landlord after the store building it had rented burned down. These were clearly matters pertaining to the business of the plaintiff and if the advice concerning them was given with the understanding and agree-

ment that payment therefor was to be made by applying their value on the note and White had real or apparent authority to make such agreement, then defendant would be entitled to have their value credited on the note, or to fully prevail in his defense to the note, provided the services rendered were of sufficient value to offset and cancel the note, or provided the agreement was that such services rendered solely for plaintiff should cancel it. The evidence as to an agreement that the services were sufficient to discharge the note did not show that the services to plaintiff alone were sufficient to do so but that all the services rendered, including those personal to White, were sufficient. There being some evidence of services which might properly be credited on the note, or which might fully cancel it, the case should not be reversed with directions, but should be reversed and remanded for a new trial. When this is had, the other errors hereinabove referred to, as well as those for which the judgment is reversed and remanded, can be avoided. It was for this reason that the former were adverted to at all in this opinion.

Judgment reversed and cause remanded for a new trial. All concur.